In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-475 CR


____________________



DON LIONELL BROOKS, JR. A/K/A DON LIONELL BROOKS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 82666






 MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Don Lionell Brooks, Jr. a/k/a Don
Lionell Brooks pled guilty to possession of a controlled substance. (1) On January 24, 2002,
the trial court found the evidence sufficient to find Brooks guilty, but deferred further
proceedings, placed Brooks on community supervision for ten years, and assessed a fine of
$1,000. On March 22, 2007, the State filed a motion to revoke Brooks's unadjudicated
community supervision. Brooks pled "true" to two violations of the conditions of his
community supervision. The trial court found that Brooks violated the conditions of his
community supervision, found Brooks guilty of possession of a controlled substance, and
assessed punishment at five years of confinement.

 Brooks's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On January 24, 2008, we granted an extension of time for appellant to file a pro se
brief. We received no response from appellant. 

 We reviewed the appellate record, and we agree with counsel's conclusion that no
arguable issues support an appeal. In our review of the record, we noted that the trial court's
judgment incorrectly recites that the statute under which Brooks was charged was section
481.115 of the Health and Safety Code. See Tex. Health & Safety Code Ann. § 481.115
(Vernon 2003). The amended indictment reflects Brooks was charged with possession of a
controlled substance in penalty group four in an amount greater than four hundred grams. 
The charged offense is a first-degree felony which carries a punishment range of five to
ninety-nine years or life imprisonment and a fine of not more than $50,000 under section
481.118(e) of the Health and Safety Code. See Tex. Health & Safety Code Ann. §
481.118(e) (Vernon 2003). This Court has the authority to reform the trial court's judgment
to correct a clerical error. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27
(Tex. Crim. App. 1993); Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.-Dallas 1991, pet.
ref'd). Therefore, we modify the trial court's judgment to read that Brooks was convicted
under section 481.118(e) of the Health and Safety Code.

 We find it unnecessary to order appointment of new counsel to re-brief the appeal. 
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial
court's judgment as reformed. (2)

 AFFIRMED AS REFORMED.


 _____________________________

 HOLLIS HORTON

 Justice 


Submitted on May 28, 2008 

Opinion Delivered June 11, 2008 

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The indictment originally charged Brooks with possession of a controlled substance
in penalty group one in an amount greater than four hundred grams. After the State filed a
motion to amend the indictment, the trial court amended the indictment to charge Brooks
with possession of a controlled substance in penalty group four in an amount greater than
four hundred grams.
2. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.